UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL C. ANAGNOS,

                          Plaintiff

                                        DECISION AND ORDER

-vs-

                                        06-CV-6466 CJS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                          Defendant.

_____

APPEARANCES

| | |
|---|---|
| For the Plaintiff: | Alecia Elston, Esq.<br>Segar & Sciortino<br>400 Meridian Centre, Suite 320<br>Rochester, New York 14618 |
| For the Defendant: | Terrance P. Flynn, Esq.<br>United States Attorney for the<br>Western District of New York<br>Christopher V. Taffe, Esq.<br>Assistant United States Attorney<br>100 State Street<br>Rochester, New York 14614 |

      This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner"), which denied plaintiff's application for disability insurance benefits. Now before the Court is defendant's motion for judgment on the pleadings [#6] and plaintiff's cross-motion [#11] for the same relief. During oral argument of the motions before the undersigned on July 12, 2007, counsel for the parties agreed that the matter should remanded for further administrative proceedings. Accordingly, it is hereby

1

ORDERED, that defendant's motion for judgment on the pleadings [#6] is denied, plaintiff's cross-motion [#11] for the same relief is granted to the extent that it seeks a remand to the Commissioner for further administrative proceedings, and this matter is remanded for a new hearing pursuant to 42 U.S.C. § 405(g), sentence four. The Administrative Law Judge ("ALJ") correctly noted, in her Decision and Order, that the opinions of plaintiff's treating physician, Dr. Dobson, are "vague and not specific regarding the claimant's residual physical capacity." (Admin. Record 23)  On remand, the ALJ should further develop the record concerning Dr. Dobson's opinions.  The ALJ should also develop the record with regard to plaintiff's claim that he is unable to work due to drowsiness caused by his medications.  Finally, the ALJ should consider whether the Residual Functional Capacity assessment completed by M. Whittle (Admin. Record Exhibit 6F), whose qualifications are unclear, may properly be considered pursuant to 20 C.F.R. § 404.1513(c).

So Ordered.

Dated: Rochester, New York
July 18, 2007

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge